UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HERMAN A. WESSELMAN; MILLIE ) <br> WESSELMAN; KENNETH CAYO, Agent ) <br> of the Trustee(s) of the Bounteous Harvest Trust ) <br> and the Salvation Rock Trust; DAVID ) <br> WESSELMAN, Agent of the Trustee(s) of the ) <br> Bounteous Harvest Trust and the ) <br> Salvation Rock Trust; WILLIAM BRIAN ) <br> PATRICK DOWLING, Trustee of the ) <br> J.A.W. Homestead Trust; FREDERICK V. ) <br> WEDEMEIER, Agent of Trustee(s) of the ) <br> Steward of the Lord Trust; VIRGIL STRAUCH, ) <br> Agent Trustees of the Steward of the Lord Trust; ) <br> and ILLINOIS DEPARTMENT OF REVENUE, ) <br> ) <br> Defendants. ) | Civil No. 05-cv-4152-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Millie Wesselman's "Motion to Strike and/or Motion for Summary Judgment." (Doc. 26), which the Court construes as a motion for summary judgment. The United States has responded to the motion (Doc. 26).

On August 18, 2005, the United States filed this suit under 26 U.S.C. § 7403 to collect allegedly unpaid federal taxes. Specifically, the complaint alleges that Herman A. Wesselman ("Taxpayer"), husband of Millie Wesselman, has failed to pay federal income taxes and that Wesselman Roofing, a business owned by the Taxpayer, has failed to pay federal employment and unemployment taxes. The lawsuit seeks to reduce to judgment assessments made against the Taxpayer for these unpaid taxes, to foreclose federal tax liens upon certain real properties described in the complaint which were either fraudulently transferred by the Taxpayer or are still

owned by the Taxpayer through nominee trusts, and to sell the properties and apply the proceeds to the Taxpayer's unpaid federal tax liabilities.

The United States joined Millie Wesselman in this suit because it alleges she has an interest in at least one of the properties upon which the United States seeks to foreclose. Specifically, it alleges that property located at 906 S. Cherry Street, Effingham, Illinois, was jointly owned by the Taxpayer and Millie Wesselman and that part of the property was conveyed to the East Gate Trust, which then conveyed that property to the New Republic Trust No. 3194, which, in turn, conveyed that property to the Bounteous Harvest Trust. The United States alleges that the original transfer to the East Gate Trust was a fraudulent transfer made with the intent of hindering, delaying or defrauding the Taxpayer's creditors, including the United States.

Millie Wesselman admits that she owns some of the real estate at issue in this case, but asks the Court to dismiss her from this case because she owes no taxes to the United States and believes that her property is therefore not subject to foreclosure. She has submitted an affidavit in which she states that when she conveyed her interest in the 906 S. Cherry Street property to the East Gate Trust, she maintained her interest in the property and continues to maintain it today.

The United States argues that Millie Wesselman's admission that she retains an interest in the 906 S. Cherry Street property is sufficient to establish that she is a proper defendant in this case and that her property may be subject to foreclosure even if she herself owes no taxes to the United States.

As a preliminary matter, the Court notes that the memorandum in support of Millie Wesselman's motion does not comply with Local Rule 5.1(b) in that it is not double-spaced. The Court firmly believes that "procedural rules are important and that infractions of those rules

should not be tolerated by the courts.  Otherwise, the rules themselves will not be taken seriously, and eventually they may exist in name only, honored in the breach." *Kovilic Constr. Co., Inc., v. Missbrenner*, 106 F.3d 768, 770 (7th Cir. 1997).  The Court **WARNS** Millie Wesselman that it will summarily strike any future filing that is not double-spaced in accordance with all applicable rules.

As for the substance of Millie Wesselman's motion, the Court finds that it has no merit.  Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.  Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).  In this case, Millie Wesselman has failed to establish that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law.

Construing the evidence in the light most favorable to the United States, it properly sued Millie Wesselman and may seek to foreclose on property in which she has an interest.  In a civil action brought by the United States to enforce a tax lien or to foreclose on any property of a delinquent taxpayer to pay a tax liability, the United States must join as a defendant "[a]ll persons . . . claiming any interest in the property involved in such action." 26 U.S.C. § 7403(b).

Furthermore, where property is held jointly by spouses only one of which has a tax liability, the joint ownership will not prevent foreclosure and judicial sale under § 7403 but does entitle the spouse without tax liability to compensation from the proceeds of the sale for his or her interest taken. *United States v. Rodgers*, 461 U.S. 677, 680 (1983); *United States v. Davenport*, 106 F.3d 1333, 1337 (7th Cir. 1997). State laws that purport to limit or prohibit such sales conflict with federal law and can have no force by virtue of the Supremacy Clause. *Rodgers*, 461 U.S. at 701; *Davenport*, 106 F.3d at 1337.

In *Rodgers*, the United States sought to foreclose on a property in which a spouse who had no tax liability had a homestead interest under Texas state law. *Rodgers*, 461 U.S. at 687. The *Rodgers* Court held that § 7403(a) means what it says: the United States may seek to "'subject *any property,* [of] whatever nature, of the delinquent, or *in which he has any right, title, or interest,* to the payment of such tax or liability'" (emphasis added by Supreme Court), regardless of any joint ownership that may exist in the entire property. *Id.* at 692. It also noted that § 7403(b)'s requirement of joinder of all parties with any interest in the property would be unnecessary if the United States could foreclose only on the interests of the delinquent taxpayer. *Id.* at 693. It also noted § 7403(c)'s direction to the Court to "'determine the merits of *all* claims to and liens upon the property,'" (emphasis added by Supreme Court) and, where appropriate, to "'decree a sale *of such property . . . and a proper distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States,*'" which clearly contemplates sale of the entire property, not just the delinquent taxpayer's interest in the property. *Id.* at 693-94 (emphasis added by Supreme Court). This interpretation, the *Rodgers* Court noted, was consistent with the purposes of the tax statutes to achieve prompt and certain collection of delinquent taxes, with the historical background of the

4

current tax code, and with the language of other parts of the tax code. *Id.* at 694-96. The Court concluded that the United States could force the sale of the entire property in which the delinquent taxpayer had an interest, but must compensate the non-delinquent spouse for her homestead interest in the property, and other non-delinquent third parties having interests in the property, in order not to fun afoul of the Fifth Amendment Due Process Clause. *Id.* at 697-98.

In so holding, the *Rodgers* Court noted that while state law may protect property held in joint tenancy from ordinary creditors, the United States is no ordinary creditor when it sues under § 7403. *Id.* at 697. It is instead exercising a sovereign prerogative grounded in the constitutional power to lay and collect taxes which, under the Supremacy Clause, state law cannot limit. *Id.* 697. Under this authority, § 7403(a) gives it the power to foreclose on property where ordinary creditors cannot. *Id.*; *see Davenport*, 106 F.3d at 1337.

In this case, construing Millie Wesselman's affidavit in favor of the United States, the Court finds that there is a genuine issue of material fact about whether Millie Wesselman maintains an interest in one or more properties upon which the United States seeks to foreclose. That the property in issue may have been jointly held with the Taxpayer will not prevent foreclosure on the property. For this reason, Millie Wesselman is not entitled to summary judgment, and the Court therefore **DENIES** her motion (Doc. 26).

**IT IS SO ORDERED**.

s/ J. Phil Gilbert<br>
**J. Phil Gilbert**<br>
**United States District Judge**

**April 24, 2006**

5