UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-cv-4152-JPG |
| | ) | |
| HERMAN A. WESSELMAN; MILLIE WESSELMAN; KENNETH CAYO, Agent of the Trustee(s) of the Bounteous Harvest Trust and the Salvation Rock Trust; DAVID WESSELMAN, Agent of the Trustee(s) of the Bounteous Harvest Trust and the Salvation Rock Trust; WILLIAM BRIAN PATRICK DOWLING, Trustee of the J.A.W. Homestead Trust; FREDERICK V. WEDEMEIER, Agent of Trustee(s) of the Steward of the Lord Trust; VIRGIL STRAUCH, Agent Trustees of the Steward of the Lord Trust; and ILLINOIS DEPARTMENT OF REVENUE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the filings captioned as "Verified Answer and Motion to Remove as Defendant" (Docs. 5 & 19) of defendants Virgil Strauch ("Strauch") and David Wesselman ("Wesselman"), respectively. The Court construes the filings as motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States has responded to the respective motions (Docs. 25 & 30).

**I.      Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts

consistent with the complaint. *Brown*, 398 F.3d at 908-09; *Holman*, 211 F.3d at 405. "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Brown*, 398 F.3d at 909 (internal quotations omitted); *see Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

Generally, courts will not grant a motion to dismiss merely because the complaint is vague or lacking in detail so long as it pleads "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *see Kolupa*, 438 F.3d at 714-15; *Brown*, 398 F.3d at 908. A complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986). Nor must it allege all, or any, of the facts logically entailed by the claim. *Kolupa*, 438 F.3d at 714-15; *Higgs,* 286 F.3d at 439; *Bennett*, 153 F.3d at 518; *American Nurses'*, 783 F.2d at 727. Nonetheless, the complaint must provide a short and plain statement of the claim sufficient to fairly put the defendant on notice of the claim and its basis. *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *Brown*, 398 F.3d at 908; *see also* Fed. R. Civ. P. 8(a).

## II. Facts Alleged

On August 18, 2005, the United States filed this suit under 26 U.S.C. § 7403 to collect allegedly unpaid federal taxes. Specifically, the complaint alleges that defendant Herman A. Wesselman ("Taxpayer") has failed to pay federal income taxes and that Wesselman Roofing, a business owned by the Taxpayer, has failed to pay federal employment and unemployment taxes. The lawsuit seeks to reduce to judgment assessments made against the Taxpayer for these unpaid taxes, to foreclose federal tax liens upon certain real properties described in the complaint which were either

fraudulently transferred by the Taxpayer or are still owned by the Taxpayer through nominee trusts, and to sell the properties and apply the proceeds to the Taxpayer's unpaid federal tax liabilities.

The complaint also joins Strauch and Wesselman as defendants "because they claim or may claim an interest in the property at issue in this lawsuit and/or hold property as nominee of the taxpayer."  Compl. ¶ 3.  Strauch is alleged to be an agent of the trustees of the Steward of the Lord Trust, which is alleged to hold title to one of the properties upon which the United States seeks to foreclose.  Wesselman is alleged to be an agent of the Bounteous Harvest Trust and the Salvation Rock Trust, two other trusts holding other property that is the subject of this foreclosure action.

Strauch and Wesselman ask the Court to dismiss them from this lawsuit because they do not claim any property interest in the corpus of the trusts with which they are alleged to be connected and are not agents or trustees of those trusts.  Strauch goes on to say that his only connection with the trust is that he receives and pays the property tax bill for the property in exchange for the right to use the property.  Wesselman says that he receives the property tax bills for the property held by the trusts and then gives them to his sister.

In its response, the United States denies that it claims Strauch or Wesselman have an interest in the subject properties and argues instead that it is suing them as agents of the trusts in question.  It argues that their receipt of property tax bills on behalf of the trusts demonstrates their agency.

### III.     Analysis

The United States' claims against Strauch and Wesselman are not subject to dismissal under Rule 12(b)(6).  When the United States brings an action under 26 U.S.C. § 7403, "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto."  § 7403(b).  The United States has alleged in the complaint that Strauch and Wesselman may claim an interest in the property or hold title to the property as nominee for the benefit of the Taxpayer.

Strauch has admitted as much in his motion when he refers to the possessory interest in the property that he obtained in exchange for payment of the property tax bill.  It is clear that the United States may be able to prove, under a set of facts consistent with those pled in the complaint, that Strauch and Wesselman are proper defendants in this suit.

The Court is puzzled, however, at the United States' focus in its responses to the defendants' motions on the issue of whether Strauch and Wesselman are agents of the trusts, which are alleged to hold titles to some of the subject properties.  The Court has been unable to locate any authority for suing a defendant simply because he is an agent of a person claiming an interest in the property involved in the action.  The Court need not decide this issue at the present time, however, because the pending motions to dismiss focus solely on the allegations in the complaint, which are clearly sufficient to state a claim against Strauch and Wesselman.  Whether there is an actual basis for suing those defendants under § 7403(b) or any other provision of law is an issue to be raised at a later stage of this case.

### IV.     Conclusion

For the foregoing reasons, the Court **DENIES** the motions to dismiss filed by Strauch (Doc. 5) and Wesselman (Doc. 20).

s/ J. Phil Gilbert  
**J. Phil Gilbert**  
**United States District Judge**

**DATED:  April 24, 2006**