UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-cv-4152-JPG |
| | ) | |
| HERMAN A. WESSELMAN; MILLIE | ) | |
| WESSELMAN; KENNETH CAYO, Agent | ) | |
| of the Trustee(s) of the Bounteous Harvest Trust | ) | |
| and the Salvation Rock Trust; DAVID | ) | |
| WESSELMAN, Agent of the Trustee(s) of the | ) | |
| Bounteous Harvest Trust and the | ) | |
| Salvation Rock Trust; WILLIAM BRIAN | ) | |
| PATRICK DOWLING, Trustee of the | ) | |
| J.A.W. Homestead Trust; FREDERICK V. | ) | |
| WEDEMEIER, Agent of Trustee(s) of the | ) | |
| Steward of the Lord Trust; VIRGIL STRAUCH, | ) | |
| Agent Trustees of the Steward of the Lord Trust; | ) | |
| and ILLINOIS DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Herman A. Wesselman's ("Taxpayer")

filing captioned as "Verified Answer and Complaint of Libel with Motion to Dismiss" (Docs. 6

& 7). The United States has responded to the motion (Doc. 16). The Court also considers

plaintiff United States' motion to strike (Doc. 14), to which the Taxpayer has responded (Docs.

17 & 31).

On August 18, 2005, the United States filed this suit under 26 U.S.C. § 7403 to collect

allegedly unpaid federal taxes. Specifically, the complaint alleges that the Taxpayer has failed to

pay federal income taxes and that Wesselman Roofing, a business owned by the Taxpayer, has

failed to pay federal employment and unemployment taxes. The lawsuit seeks to reduce to

judgment assessments made against the Taxpayer for these unpaid taxes, to foreclose federal tax

liens upon certain real properties described in the complaint which were either fraudulently transferred by the Taxpayer or are still owned by the Taxpayer through nominee trusts, and to sell the properties and apply the proceeds to the Taxpayer's unpaid federal tax liabilities.

**I.      Motion to Strike (Doc. 14)**

In this motion, the United States asks the Court to strike two documents filed by the Taxpayer.  The first is a document that was docketed as a "Response to Complaint" (Doc. 3). The Taxpayer agrees that the document should be stricken, and the Court will therefore strike it. The second is the aforementioned "Verified Answer and Complaint of Libel with Motion to Dismiss" (Docs. 6 & 7).  The Taxpayer believes that his document is proper and should not be stricken.

The Court has reviewed the Taxpayer's filing (Docs. 6 & 7) and notes that it does not comply with the Federal Rules of Civil Procedure and/or Local Rules because it does not bear a caption setting forth the proper title of the action as required by Federal Rule of Civil Procedure 10(a).  The Court firmly believes that "procedural rules are important and that infractions of those rules should not be tolerated by the courts.  Otherwise, the rules themselves will not be taken seriously, and eventually they may exist in name only, honored in the breach."  *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 770 (7th Cir. 1997).

Furthermore, the filing, which purports to be an answer to the complaint, fails to "admit or deny the averments upon which the adverse party relies" or to state that the Taxpayer "is without knowledge or information sufficient to form a belief as to the truth of an averment," as required by Rule 8(b).  Instead, it contains a plethora of insufficient defenses and immaterial matters subject to striking under Rule 12(f).

For these reasons, the Court hereby **ORDERS** that the Taxpayer's filing (Docs. 6 & 7) be

**STRICKEN** for failure to comply with the Federal Rules of Civil Procedure and/or the Local Rules, as noted above.  The Taxpayer shall have up to and including May 5, 2006, to file a proper answer or other proper response to the complaint.  The Court further **ORDERS** *sua sponte* that the Taxpayer's filings that do not bear the proper caption (Docs. 17, 31, 32 & 35) be **STRICKEN**.  The Court **DIRECTS** the Clerk of Court to refrain from filing and to return to the Taxpayer any future tendered filing that does not bear the proper caption of this case.

## II.      Motion to Dismiss (Doc. 7)

Had the Court not stricken the Taxpayer's filing (Docs. 6 & 7), it would have construed it at a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on the grounds that the Secretary of the Treasury did not authorize the United States Attorney's Office to commence this litigation, as required by 26 U.S.C. § 7401.[1]  *See, e.g., PAF, Inc. v. BA Props., Inc.*, 24 F. Supp. 2d 545, 547 (E.D. Va. 1998);  *United States v. One 1972 Cadillac Coupe Deville*, 355 F. Supp. 513, 515 (E.D. Ky. 1973).

A defendant can challenge a court's subject matter jurisdiction under Rule 12(b)(1) in two ways.  He may make a facial challenge to the sufficiency of the complaint's jurisdictional allegations as a matter of law, in which case, as with a Rule 12(b)(6) motion, all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); 2 James Wm. Moore *et al.*, *Moore's Federal Practice*,

---

[1]Section 7401 states:

No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.

3

§ 12.30[4], at 12-38 to 12-39 (3d ed.).

A defendant may also challenge the facts on which the complaint relies to allege jurisdiction, in which case the plaintiff is not entitled to have his allegations taken as true or to have any inferences drawn in his favor. *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999);  2 James Wm. Moore *et al.*, *Moore's Federal Practice*, § 12.30[4], at 12-38 to 12-40 (3d ed. 2000).  To resolve a challenge to the facts, a court may receive and weigh evidence outside the allegations in the complaint to determine if it has subject matter jurisdiction over the case. *Sapperstein*, 188 F.3d at 855-56.  In any case, the plaintiff has the burden of proving that subject matter jurisdiction exists. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).  In the case at bar, the Taxpayer challenges the facts on which the plaintiff relies to establish subject matter jurisdiction, that is, that the suit was authorized by the Secretary of the Treasury or his delegate and directed to be filed by the Attorney General or his delegate.

In the absence of a challenge by a taxpayer, a court generally presumes that the United States has received the appropriate authorizations before filing suit. *United States v. Twenty-Two Firearms*, 463 F. Supp. 730, 731 (D. Colo. 1979);  *see United States v. One 1941 Cadillac Sedan*, 145 F.2d 296, 299 (7th Cir. 1944).  However, when the authority to bring the suit is challenged, the United States must prove that it has the proper authorization from (1) the Secretary of the Treasury or his delegate and (2) the Attorney General or his delegate or face dismissal for lack of jurisdiction. *PAF*, 24 F. Supp. 2d at 547;  *Twenty-Two Firearms*, 463 F. Supp. at 731.

The United States has made such a showing in this case.  It has submitted a letter from the Office of Chief Counsel of the Internal Revenue Service to an Assistant Attorney General within the Tax Division of the Department of Justice setting forth the authority to commence the

instant lawsuit.  This is sufficient proof to establish approval of the Secretary of the Treasury.

*See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) (letter from Regional Counsel of

the federal agency to the local United States Attorney is sufficient to establish authorization from

the Secretary of the Treasury or his delegate).  The actual commencement of the suit by the local

United States Attorney and an attorney from the Department of Justice is sufficient to establish

authorization by the Attorney General or his delegate to institute the instant proceedings.  *Id.* at

951;  *see* 28 U.S.C. § 547(2) & (4) (delegating authority to local United States Attorneys to

institute and prosecute civil actions and tax collection proceedings).  Thus, the Unites States has

established that it has satisfied the jurisdictional requirements to bring this lawsuit, and the Court

would therefore deny the Taxpayer's motion to dismiss had it not already stricken it.

   To the extent that the motion to dismiss advances other arguments for dismissal under

Rule 12(b)(6), those arguments are frivolous as bases for dismissal of this suit and need not be

addressed individually by the Court.  The Court has reviewed the complaint and finds that it is

sufficient to state a claim against the Taxpayer.

**IT IS SO ORDERED**.

<div style="margin-left:auto;">
s/ J. Phil Gilbert_____
**J. Phil Gilbert**
**United States District Judge**
</div>

**April 24, 2006**