UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-cv-4152-JPG |
| | ) | |
| HERMAN A. WESSELMAN; MILLIE | ) | |
| WESSELMAN; KENNETH CAYO, Agent | ) | |
| of the Trustee(s) of the Bounteous Harvest Trust | ) | |
| and the Salvation Rock Trust; DAVID | ) | |
| WESSELMAN, Agent of the Trustee(s) of the | ) | |
| Bounteous Harvest Trust and the | ) | |
| Salvation Rock Trust; WILLIAM BRIAN | ) | |
| PATRICK DOWLING, Trustee of the | ) | |
| J.A.W. Homestead Trust; FREDERICK V. | ) | |
| WEDEMEIER, Agent of Trustee(s) of the | ) | |
| Steward of the Lord Trust; VIRGIL STRAUCH, | ) | |
| Agent Trustees of the Steward of the Lord Trust; | ) | |
| and ILLINOIS DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

This matter comes before the Court on defendant Herman A. Wesselman's

("Wesselman") "Verified Petition for Mandatory Injunction" pursuant to the Mandamus Act, 28

U.S.C. § 1361 (Doc. 41). The United States has not responded to the motion.

**I.      Background**

On August 18, 2005, the United States filed this suit under 26 U.S.C. § 7403 to collect

allegedly unpaid federal taxes. Specifically, the complaint alleges that Wesselman has failed to

pay federal income taxes and that Wesselman Roofing, a business owned by Wesselman, has

failed to pay federal employment and unemployment taxes. The United States claims

Wesselman did not file an Employer's Annual Federal Unemployment Tax Return (Form 940) or

the Employer's Quarterly Federal Tax Return (Form 941) for 1991, 1992 and 1993, and did not

file an Individual Income Tax Return (Form 1040) for 1991, 1992, 1993, 1994, 1995, 1996, 1997 and 2000.  The lawsuit seeks to reduce to judgment assessments made against Wesselman for these unpaid taxes, to foreclose federal tax liens upon certain real properties described in the complaint which were either fraudulently transferred by Wesselman or are still owned by Wesselman through nominee trusts, and to sell the properties and apply the proceeds to Wesselman's unpaid federal tax liabilities.

Wesselman filed the pending motion seeking to force the Internal Revenue Service ("IRS") to process tax returns he submitted after the commencement of this litigation in August 2005.  It appears that Wesselman filed Individual Income Tax Returns (Form 1040) for 1991, 1992, 1993, 1994, 1995, 1996, 1997, 2000 and 2002 which he believes correct any tax deficiency that may exist.  The returns apparently contained zeros on every relevant line, resulting in a self-reported tax debt of zero, and were accompanied by affidavits swearing to the accuracy of the information upon which the returns were based..  The IRS rejected those corrected returns as frivolous and assessed a $500 penalty for each of the nine frivolous returns pursuant to § 6702 of the Internal Revenue Code, 26 U.S.C. § 6702.

Wesselman attaches to his motion nine letters dated August 7, 2006, informing him of the penalty assessment for each of the nine Form 1040s he filed.  Each letter instructs Wesselman,

> If you wish to contest the assertion of this penalty, you must fully pay the entire penalty and file a claim for refund with the IRS within three years from the time a return associated with the penalty was filed or two years from the date the penalty was paid, whichever period expires later.
>
> If your refund claim is pending for six months or more and the IRS has not issued a notice of claim disallowance with regard to the claim, you may file suit in the United States District Court or United States Court of Federal Claims to contest the assertion of the penalty at any time.  Once the IRS issues a notice of claim disallowance, however, you must file suit in the United States District Court or The United States Court of Federal Claims within two years of the date the IRS mails a notice of disallowance to you denying the refund claim.

Wesselman also attaches two letters dated July 25, 2006, indicating that the IRS was rejecting claims from Wesselman with respect to 1995 and 1997.  It is unclear to which claim the July 25 letters refer.  Those letters contain the following provision:

> If you do not agree with our decision, you may file suit to recover tax, penalties, or other amounts, with the United States District Court having jurisdiction or with the United States Claims Court.

In the pending motion, Wesselman seeks to compel the IRS to process his rejected returns and, by implication, to refrain from assessing him the nine $500 fines.

## II.    Analysis

The Court does not have jurisdiction over Wesselman's request for injunctive relief under the Mandamus Act.  The Mandamus Act states,

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.  Mandamus relief is only available to compel the performance of ministerial duties clearly compelled by law.  *Banks v. Secretary of Ind. Family & Soc. Servs. Admin.*, 997 F.2d 231, 244 (7th Cir. 1993);  *Jarecki v. United States*, 590 F.2d 670, 674 (7th Cir. 1979);  *Save the Dunes Council v. Alexander*, 584 F.2d 158, 162 (7th Cir. 1978).  The Seventh Circuit has held that "mandamus jurisdiction may be invoked only when there is: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available."  *Banks*, 997 F.2d at 244-45 (footnote omitted).

As a preliminary matter, while the Mandamus Act may be a waiver of the United States' sovereign immunity from suit brought against its officer, employees or agencies to force them to perform duties owed to a plaintiff, *see Jarecki*, 590 F.2d at 676 n. 5, the statute does not purport

3

to waive the sovereign immunity of the United States itself.  Waivers of the United States'

sovereign immunity must be strictly construed, *Block v. North Dakota*, 461 U.S. 273, 287

(1983), and § 1361, strictly construed, does not waive the sovereign immunity against suits

brought directly against the United States.  Neither does any provision of the Internal Revenue

Code waive the sovereign immunity of the United States in Wesselman's situation.  While 26

U.S.C. § 7422 and various other provisions allow taxpayers to sue officers and employees of the

United States, none of them waive sovereign immunity for the injunction Wesselman seeks.

Furthermore, even if § 1361 had been a waiver of the United States' sovereign immunity,

that waiver and the Court's jurisdiction clearly do not extend to suits to restrain the assessment

or collection of taxes, which is what Wesselman seeks in the current petition.  *See* 26 U.S.C. §

7421(a);  *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 5 (1962).  Section §

7421(a) of Title 26 of the United States Code provides,

> Except as provided in [certain inapplicable statutes], no suit for the purpose of
> restraining the assessment or collection of any tax shall be maintained in any
> court by any person, whether or not such person is the person against whom such
> tax was assessed.

"The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes

alleged to be due without judicial intervention, and to require that the legal right to the disputed

sums be determined in a suit for refund."  *Enochs*, 370 U.S. at 7.  However, § 7421(a) does not

apply "if it is clear that under no circumstances could the Government ultimately prevail" and

equity otherwise warrants an injunction.  *Id.* (citing *Miller v. Standard Nut Margarine Co.*, 284

U.S. 498 (1932).  In this case, Wesselman has not clearly demonstrated that assessment and

collection of the penalties in question is improper based on his corrected tax returns.  *See United

States v. Moore*,  627 F.2d 830, 835 (7th Cir. 1980) (holding that "when it is apparent that the

taxpayer is not attempting to file forms accurately disclosing his income," he may be considered

4

not to have filed a return).  Thus, § 7421(a) bars the Court from entertaining Wesselman's request.

Furthermore, equity does not warrant exercise of the mandamus power.  There is no "plainly defined and peremptory duty on the part of the defendant to do the act in question." *Banks*, 997 F.2d at 244-45.  The IRS has discretion to determine whether a return is frivolous and to then assess and collect penalties, and the Court cannot compel it by mandamus to exercise that discretion in a certain way.

Finally, Wesselman has another adequate remedy– a refund suit – using the procedures outlined in the August 7 letters and those set forth at 26 U.S.C. §§ 7422 and 6703(c).  Those provisions require that Wesselman pay at least part of the penalty assessed and claim a refund, and there is no evidence in the record that he has done this.  Wesselman cannot seek a writ of mandamus while those avenues for relief remain open to him.

For the foregoing reasons, the Court **DISMISSES** Wesselman's motion (Doc. 41) for **lack of jurisdiction**.

### III.    Other Matters

The Court notes that the United States' failure to respond to Wesselman's motion has made it exceedingly difficult for the Court to expeditiously reach the proper resolution of the motion.  For this reason, the Court **WARNS** the United States that, pursuant to Local Rule 7.1(c), it may construe the failure to respond to motions in this case as an admission of the merits of those motions, including Wesselman's two pending motions to dismiss (Docs. 45 & 46).

The Court further notes that the record reflects that defendants Kenneth Cayo, Frederick V. Wedemeier and the Illinois Department of Revenue were served with process but have not responded in a timely manner.  Nevertheless, the United States has not moved for default

pursuant to Federal Rule of Civil Procedure 55(a).  The Court hereby **ORDERS** that the United States shall have up to and including December 29, 2006, to **SHOW CAUSE** why the claims in this case against defendants Kenneth Cayo, Frederick V. Wedemeier and the Illinois Department of Revenue should not be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).  Failure to respond in a timely manner to this order may result in dismissal of those claims with or without prejudice.  The plaintiffs' filing of a proper motion for default shall be a satisfactory response to this order to show cause.

**IT IS SO ORDERED**.
**DATED:  December 15, 2006**

s/ J. Phil Gilbert
**J. Phil Gilbert**
**United States District Judge**