UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>HERMAN A. WESSELMAN, MILLIE WESSELMAN, KENNETH CAYO, Agent of the Trustee(s) of the Bounteous Harvest Trust and the Salvation Rock Trust, DAVID WESSELMAN, Agent of the Trustee(s) of the Bounteous Harvest Trust and the Salvation Rock Trust, WILLIAM BRIAN PATRICK DOWLING, Trustee of the J.A.W. Homestead Trust, FREDERICK V. WEDEMEIER, Agent of Trustee(s) of the Steward of the Lord Trust, VIRGIL STRAUCH, Agent Trustees of the Steward of the Lord Trust, and ILLINOIS DEPARTMENT OF REVENUE,<br><br>  Defendants. | Case No. 05-cv-4152-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a variety of matters.

**I.   Background**

On August 18, 2005, the United States filed this suit under 26 U.S.C. § 7403 to collect allegedly unpaid federal taxes.  Specifically, the complaint alleges that defendant Herman A. Wesselman ("Taxpayer") has failed to pay federal income taxes and that Wesselman Roofing, a business owned by the Taxpayer, has failed to pay federal employment and unemployment taxes.  The lawsuit seeks to reduce to judgment assessments made against the Taxpayer for these unpaid taxes, to foreclose federal tax liens upon certain real properties described in the complaint which were either fraudulently transferred by the Taxpayer or are still owned by the Taxpayer through

nominee trusts, and to sell the properties and apply the proceeds to the Taxpayer's unpaid federal tax liabilities.

## II.     Taxpayer's Address

On December 29, 2006, after mail sent to the Taxpayer was returned as undeliverable, the Court ordered the Taxpayer to provide an address at which he could receive mailings in this case (Doc. 69). The Taxpayer responded by informing the Court that he could receive mail at "c/o General Delivery Postmaster, Effingham, Illinois." The Clerk of Court has noted the change on the docket sheet. The Taxpayer's response satisfies the Court's December 29, 2006, order, but the Court reminds Wesselman that the Court will not undertake extraordinary measures to ensure that he actually receives filings in this case and that he will suffer any consequences that might come because mail directed to that address is returned as undeliverable.

## III.    Order to Show Cause

On December 15, 2006, the Court ordered the United States to show cause why the claims in this case against defendants Kenneth Cayo, Frederick V. Wedemeier and the Illinois Department of Revenue should not be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket, *see In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995), because the United States had not moved for entry of default as to those defendants under Federal Rule of Civil Procedure 55(a) (Doc. 58).

The United States responded (Doc. 68) indicating that it believed it had named as defendants the allegedly sham trusts of which defendants Cayo, David Wesselman, William Brian Patrick Dowling, Wedemeier and Virgil Strauch were agents, not those defendants as individuals. It believes the Complaint makes this clear. It also objects to the Clerk of Court's

refusal to enter default against three of the four trusts (Doc. 66), which it believes were properly served by service on their respective agents, Cayo, David Wesselman, Wedemeier and Strauch. Alternatively, it asks for an extension of time to serve the trusts or for leave to amend the Complaint to name the trusts.

After a careful review of the Complaint, the Court has determined that the Complaint names Cayo, David Wesselman, Dowling, Wedemeier and Strauch individually as parties, not the trusts they purportedly represent. When the Complaint names the defendants at issue, it lists each defendant with descriptive phrase identifying that he is an agent of one or more trusts, implying that he is being sued individually for acts he did as an agent.

However, because it is clear now that the United States intended to sue entities other than those named in the Complaint and because the Court believes no party will suffer undue prejudice from allowing amendment of the Complaint, the Court finds that justice requires allowing the United States to amend the Complaint to allege the proper party defendants. *See* Fed. R. Civ. P. 15(a) (providing that once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party."); Fed. R. Civ. P. 21 (providing that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." (emphasis added)); *see also Williams v. United States Postal Serv.*, 873 F.2d 1069, 1073 n. 2 (7th Cir. 1989).

### IV.     Motion to Dismiss (Doc. 45)

In this motion, the Taxpayer asks the Court to dismiss this case pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5) because defendants Cayo and Wedemeier were not served

properly with process.  The government has responded (Doc. 59) that all defendants in this case were properly served with process within 120 days of the date the Complaint was filed, August 18, 2005.

To the extent that the Taxpayer challenges service on the other defendants, he has no standing to make such an argument.  Even if the Taxpayer had had standing to challenge service on others, the returns of service on the other defendants in this case (Docs. 50-56) appear on their face to be in compliance with Rule 4(e) or Rule 4(j), as applicable, and to reflect effective service of process.  In the absence of a specific challenge, the Court cannot say that service was inadequate on any other defendant.

To the extent that the Taxpayer challenges the service on himself, the return of service (Doc. 49) demonstrates he was personally served on October 20, 2005, well within 120 days of when the Complaint was filed.  His vague challenge is insufficient to create any issue of fact regarding service.

For these reasons, the Court will deny the Taxpayer's "Motion to Dismiss Due to Corrupt Record" (Doc. 45).

**V.     Motion to Dismiss (Doc. 46)**

In this motion the Taxpayer asks the Court to dismiss this case for lack of jurisdiction. He believes the United States has failed to establish this Court's jurisdiction to hear this case by failing to cite the applicable federal law under which it brings this action.  He also believes the United States has not pointed to any law establishing their claim and that the Internal Revenue Service's file on him contains several errors.  He believes that, as a consequence, the Court should dismiss this case for failure to state a claim.  The United States has responded to the

motion (Doc. 64).  The Taxpayer has filed a document captioned "Motion for Summary Dismissal" (Doc. 73), which the Court construes as a reply to the United States' response.

The Taxpayer's arguments have no merit.  The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1340, which provides original jurisdiction over civil actions arising under internal revenue laws, 28 U.S.C. § 1345, which provides jurisdiction over actions commenced by the United States, and 26 U.S.C. § 7402(a), which provides jurisdiction to issue certain orders, judgments and decrees to enforce internal revenue laws.  In light of these three jurisdictional authorities, it is beyond question that the Court has jurisdiction over this case.  *See United States v. LaBombard*, 107 F. Supp.2d 57, 58 (D. Mass.)*, aff'd*, 248 F.3d 1128 (1st Cir. 2000) (Table).

The United States has also stated a claim against the Taxpayer.  Under federal notice pleading standards, a plaintiff need not plead facts to support each element of a claim or theory as long as he puts the defendant fairly on notice of what his claim is.  *See Shah v. Inter-Continental Hotel Chicago Operating Corp.,* 314 F.3d 278, 282 (7th Cir. 2002).  The United States has pled enough in the Complaint to alert the Taxpayer of its claims.  Furthermore, none of the Taxpayer's arguments cause the Court to doubt the authority the law gives the United States to prosecute such suits as this one or to question the Taxpayer's being subject to the tax laws of the United States or the relevant regulations of the Internal Revenue Service.  Thus, dismissal for failure to state a claim is not warranted.  Whether the United States is able to prove its claim with competent evidence is a question for later stages of this case.

For these reasons, the Court will deny the Taxpayer's "Motion to Dismiss Due to Corrupt Record" (Doc. 46).  The Court further reminds the Taxpayer that Local Rule 7.1(d) imposes a

20-page limit on briefs in support of motions and warns him that future filings that exceed the 20-page limit may be summarily stricken.

### VI. Motion to Dismiss for Lack of Prosecution (Doc. 75)

In this motion, the Taxpayer asks the Court to dismiss this case on the grounds that the scheduling and discovery conference was not scheduled until more than a year after the Complaint was filed and that the United States did not timely notify him of a December 28, 2006, conference call to discuss scheduling issues. The United States has responded to the motion (Doc. 78), noting that this case is now a Track A case, which does not require a scheduling and discovery conference under Local Rule 26.1(a), and that the Taxpayer was also notified of a November 17, 2006, conference call in which the Taxpayer chose not to participate. The Taxpayer does not explain his failure to participate in the November 17, 2006, conference call.

Neither of the things the Taxpayer complains about justifies dismissal of this case. The schedule in this case has been set (Doc. 77) and the Taxpayer has not argued that he was prejudiced by any delay. As for the schedule itself, the Taxpayer cannot now complain because he had no input in the matter after he failed to participate in the November 17, 2006, conference with the United States. The Court will therefore deny the motion (Doc. 75).

### VII. Conclusion

For the foregoing reasons the Court:

- **ORDERS** that the United States shall have up to and including March 23, 2007, to amend the Complaint to add the trusts referred to in the original pleading. Service shall be accomplished on the new parties in accordance with the time limits and methods set forth in Federal Rule of Civil Procedure 4;

- **DENIES** the Taxpayer's motion to dismiss (Doc. 45);

- **DIRECTS** the Clerk of Court to construe the Taxpayer's "Motion for Summary Dismissal" (Doc. 73) as a reply to the United States' response (Doc. 64) to the Taxpayer's motion to dismiss (Doc. 46).  To the extent that the document was docketed as a motion, the motion is **MOOT**;

- **DENIES** the Taxpayer's motion to dismiss (Doc. 46);

- **WARNS** the Taxpayer that future filings that exceed the 20-page limit may be summarily stricken; and

- **DENIES** the Taxpayer's motion to dismiss for lack of prosecution (Doc. 75).

**IT IS SO ORDERED.**
**DATED:  February 26, 2007**

                                               s/ J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **DISTRICT JUDGE**