UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HERMAN A. WESSELMAN, MILLIE WESSELMAN, KENNETH CAYO, Agent of the Trustee(s) of the Bounteous Harvest Trust and the Salvation Rock Trust, DAVID WESSELMAN, Agent of the Trustee(s) of the Bounteous Harvest Trust and the Salvation Rock Trust, WILLIAM BRIAN PATRICK DOWLING, Trustee of the J.A.W. Homestead Trust, FREDERICK V. WEDEMEIER, Agent of Trustee(s) of the Steward of the Lord Trust, VIRGIL STRAUCH, Agent Trustees of the Steward of the Lord Trust, ILLINOIS DEPARTMENT OF REVENUE, JOHN DOE 1, Trustee of the Bounteous Harvest Trust, JOHN DOE 2, Trustee of Salvation Rock Trust, JOHN DOE 3, Trustee of J.A.W. Homestead Trust, JOHN DOE 4, Trustee of Steward of the Lord Trust, BOUNTEOUS HARVEST TRUST, SALVATION ROCK TRUST, J.A.W. HOMESTEAD TRUST and STEWARD OF THE LORD TRUST,<br><br>    Defendants. | Case No. 05-cv-4152-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of the plaintiff United States of America for partial summary judgment on count 1 of the Amended Complaint (Doc. 92). Defendant Herman A. Wesselman ("Taxpayer") has responded to the motion (Doc. 108) and, pursuant to the Court's request, the United States has replied (Doc. 112).

The Court also considers:

•   the Taxpayer's motion for judgment on the pleadings (Doc. 88), to which the United States has responded (Doc. 91); and

•   the Taxpayer's motion to dismiss (Doc. 97) and motion for an order to show cause (Doc. 98).

**I.      Background**

On August 18, 2005, the United States filed this suit under 26 U.S.C. § 7403 to collect allegedly unpaid federal taxes. Specifically, the complaint alleges that the Taxpayer failed to pay federal income taxes and that Wesselman Roofing, a business owned by the Taxpayer, failed to pay federal employment and unemployment taxes. The lawsuit seeks to reduce to judgment assessments made against the Taxpayer for these unpaid taxes, to foreclose federal tax liens upon certain real properties described in the complaint which were either fraudulently transferred by the Taxpayer or are still owned by the Taxpayer through nominee trusts, and to sell the properties and apply the proceeds to the Taxpayer's unpaid federal tax liabilities. Count 1, the subject of this motion, seeks to reduce tax assessments against the Taxpayer to a money judgment.

**II.     Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The moving party need not negate the portions of the nonmoving party's case on which the nonmoving party bears the burden of proof. *Celotex*, 477 U.S. at 323. The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. In responding to a summary judgment motion, the nonmoving party may not simply rest

upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).

### III.  Facts

The admissible evidence in support of the United States' motion for summary judgment establishes the following relevant facts.

The Taxpayer resides at 906 S. Cherry Street, Effingham, Illinois. During 1991, 1992, 1993, 1994, 1995, 1996, 1997, and 2000, the Taxpayer owned and operated a roofing business as a sole proprietorship. With respect to himself individually, the Taxpayer did not file a Form 1040, U.S. Individual Income Tax Return, for the 1991, 1992, 1993, 1994, 1995, 1996, 1997, and 2000 tax periods, and, with respect to his roofing business, did not file a Form 941, Employer's Quarterly Federal Tax Return, or a Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for any tax period during 1991, 1992, and/or 1993.

### A.  Tax Liability for 1991, 1992 and 1993

In 1994, the Internal Revenue Service ("IRS") began an examination to determine whether taxes were due from the Taxpayer for 1991, 1992 and 1993, and requested Wesselman provide his books and records from those time periods. He declined to provide the requested information.

#### 1.  Income Tax (Form 1040)

In the absence of any records from the Taxpayer regarding income, the IRS reconstructed the Taxpayer's taxable income using the "bank deposits method," that is, it used information about his bank deposits and his historic ratio of gross income to expenses as reported on prior

income tax forms filed by the Taxpayer. It also used reports from third parties of additional items of income. The IRS concluded that the Taxpayer's tax liability was $82,723 for 1991, $48,826 for 1992, and $83,123 for 1993, and that he owed penalties in the amount of $20,624 for 1991, $14,338 for 1992, and $24,028 for 1993. On May 2, 1995, the IRS issued the Taxpayer a Notice of Deficiency identifying the foregoing amounts due for 1991, 1992 and 1993. The Taxpayer defaulted on the deficiency notice and on March 8, 1996, the IRS made assessments against the Taxpayer for the foregoing total income tax liability plus interest to that date. The Taxpayer has failed to pay these liabilities after notice and demand.

        2.       <u>Employment Tax (Form 941)</u>

In the absence of any records from the Taxpayer regarding the labor expenses of his roofing business, the IRS determined the Taxpayer's employment tax liabilities using his reconstructed taxable income and the historic ratio of gross income to expenses as reported on prior income tax forms filed by the Taxpayer. The IRS concluded that the Taxpayer's employment tax liability for failing to withhold and pay Old-Age, Survivors and Disability Insurance and Hospital Insurance ("FICA tax") and for failing to withhold and pay income taxes from employees' wages, plus applicable penalties, was $19,239.41 for each quarter of 1991, $10,436 for each quarter of 1992, and $10,394.03 for each quarter of 1993. The foregoing liability amounts, along with interest through August 21, 1995, were assessed on that date. The Taxpayer has failed to pay these liabilities after notice and demand.

        3.       <u>Unemployment Tax (Form 940)</u>

Using the same labor expense figures used to calculate the Taxpayer's employment tax liability, the IRS concluded that the Taxpayer's unemployment tax liability, plus applicable

penalties, was $14,349.19 for 1991, $7,783.71 for 1992, and $7,752.12 for 1993. The foregoing liability amounts, along with interest through August 21, 1995, were assessed on that date. The Taxpayer has failed to pay these liabilities after notice and demand.

      B.      <u>Tax Liability for 1994, 1995, 1996 and 1997</u>

In 1996, the IRS turned to 1994 and 1995, and later in the examination to 1996 and 1997. Again, the Taxpayer refused to provide the financial information the IRS requested. In the absence of any records from the Taxpayer regarding income, the IRS reconstructed the Taxpayer's taxable income for 1994 again using the bank deposits method. Because IRS could not locate any bank deposits after 1994, it then estimated his taxable income for 1995, 1996 and 1997 using the "mark-up method." Under that method, the IRS took the Taxpayer's historic ratio of gross income to non-labor costs of goods. It then determined from the records of the non-labor suppliers of the Taxpayer's roofing business what the Taxpayer's non-labor costs of materials were for 1995, 1996 and 1997. The IRS then calculated what the total gross income would be assuming the historic ratio of income to non-labor expenses continued. The IRS also used reports from third parties of additional items of income. The IRS concluded that the Taxpayer's tax liability was $52,828 for 1994, $6,802 for 1995, $7,523 for 1996, and $2,851 for 1997, and that he owed penalties in the amount of $25,721.54 for 1994, $2,919.60 for 1995, $2,770.16 for 1996, and $879.56 for 1997. On March 4, 1999, the IRS issued the Taxpayer a Notice of Deficiency identifying the foregoing amounts due for 1994, 1995, 1996 and 1997. The Taxpayer defaulted on the deficiency notice and on August 23, 1999, the IRS made assessments against the Taxpayer for the foregoing total income tax liability plus interest to that date. The Taxpayer has failed to pay these liabilities after notice and demand.

      C.      <u>Tax Liability for 2000</u>

In 2001, the IRS was alerted by another business's filing that the Taxpayer had non-employee compensation of $14,000 in 2000.  The IRS investigated and determined that the Taxpayer's income was from self-employment and that, after all the appropriate deductions, he had a taxable income of $5,811 for 2000 and a tax liability of $2,852, and that he owed a penalty in the amount of $1,208.63.  On March 31, 2004, the IRS issued the Taxpayer a Notice of Deficiency identifying the foregoing amounts due for 2000.  The Taxpayer defaulted on the deficiency notice and on September 6, 2004, the IRS made assessments against the Taxpayer for the foregoing total income tax liability plus interest to that date.  The Taxpayer has failed to pay this liability after notice and demand.

As of April 15, 2007, the total tax liability assessed against the Taxpayer as set forth above, plus interest and penalties and less tax payments, is $1,627,710.66.

**IV.**    **Analysis**

Summary judgment on count 1 in favor of the United States is appropriate in this case.  The Certificates of Assessment and Payments (Form 4340s), properly certified as official records, are admissible under the public records exception to the hearsay rule, Federal Rule of Evidence 803(8).  "Certificates of Assessments and Payments establish the fact of assessment and carry with them a presumption of validity and that the assessments they reflect were properly made."  *Hefti v. IRS*, 8 F.3d 1169, 1172 (7th Cir. 1993).  The presumption does not exist, however, if the assessment is "without rational foundation" or "arbitrary and erroneous," that is, where there is no link between the taxpayer to the tax generating activity.  *Gold Emporium, Inc. v. Commissioner of Internal Rev.*, 910 F.2d 1374, 1378 (7th Cir. 2000).  The

presumption can be overcome only if the taxpayer can show that the assessment was incorrect. *Id.* at 1378.

In this case, the evidence shows a rational foundation for the tax assessments made against the Taxpayer, namely, deposits into bank accounts held by the Taxpayer and historical business patterns of the Taxpayer as evidenced by his prior tax filings. Therefore, the evidence creates a presumption that the assessments were properly made and are valid.

The Taxpayer's response presents no evidence that, to a reasonable factfinder, could overcome that presumption. In addition to being nonsensical, legally incorrect and/or devoid of supporting evidence, the Taxpayer's assertions do not negate the validity of the assessments against him and do not create a genuine issue of material fact for trial. The Taxpayer argues, as a vigilant tax protester must, that he is not a citizen of the United States subject to its tax laws and that he owes no taxes. This argument is frivolous. *See, e.g., United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993); *United States v. Sloan*, 939 F.2d 499, 500-01 (7th Cir. 1991).

To the extent that he challenges the IRS's methods of estimating his income through circumstantial evidence, those methods are reasonable, acceptable methods of estimating income in the absence of taxpayer records. *See, e.g., United States v. Ludwig*, 897 F.2d 875, 879 (7th Cir. 1990) (bank deposits method); *Cebollero v. Commissioner of Internal Rev.*, 967 F.2d 986, 989 (4th Cir. 1992) (mark-up method).

To the extent that the Taxpayer relies on a June 8, 1992, letter from the IRS regarding the tax liability of "Wesselman Construction, Inc.," that letter does not contradict evidence showing the IRS's calculation of the individual Taxpayer's tax liability for the same time period, made after examination of the Taxpayer's bank accounts. Therefore, it creates no genuine issue of

fact.

To the extent the Taxpayer asserts he has filed correcting tax forms with zeroes entered on all relevant lines, such "zero returns" are frivolous under 26 U.S.C. § 6702, do not satisfy the obligation to file a tax form, *see United States v. Moore*, 627 F.2d 830, 835 (7th Cir. 1980); *see, e.g., Borchardt v. Commissioner*, 338 F. Supp. 2d 1040, 1041-42 (D. Minn. 2004), and do not show in any way that the assessments against the Taxpayer are invalid.

To the extent the Taxpayer complains that the IRS did not use a Form 23(c) to establish his tax liability, his argument has no merit because a Certificate of Assessments and Payments is sufficient. *See United States v. Chila*, 871 F.2d 1015, 1017-18 (11th Cir. 1989).

To the extent the taxpayer suggests he did not receive notice of the assessments and demands for payment pursuant to 26 U.S.C. § 6303, whether he received such notice and demand is irrelevant. "[W]hen the Government pursues a claim for unpaid taxes in court, as opposed to pursuing the claim administratively, the Government need not comply with the notice and hearing requirements of [26 U.S.C.] § 6303(a) before obtaining a judgment for tax liabilities." *Howell v. United States*, 164 F.3d 523, 525 (10th Cir. 1998); *accord United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir. 1989); *United States v. Berman*, 825 F.2d 1053, 1060 (6th Cir. 1987). Furthermore, the entries for "Statutory Notice of Balance Due" entries on the Certificates of Assessments and Payments evidence the sending of notice of the assessment and demand for payment thereof. That Wesselman may not remember having received the notices and demands does not render the assessments invalid or this action to collect them meritless.

In sum, there is no evidence from which a reasonable fact-finder could determine that the presumption of validity was overcome and that the assessments were not valid and subject to

conversion to a civil judgment. Therefore, there is no genuine issue of material fact and the United States is entitled to judgment as a matter of law on count 1. The Court will grant the United States' motion for partial summary judgment (Doc. 92).

**V.      Other Motions**

      A.      <u>Taxpayer's Motion for Judgment on the Pleadings (Doc. 88)</u>

As with motions to dismiss filed under Federal Rule of Civil Procedure 12(b), judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate if "it appears beyond doubt that the plaintiff cannot prove any facts that would support [her] claim for relief." *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (quotations omitted); *accord Northern Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The Court considers the complaint, answer and any written instruments attached to those pleadings, accepts all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth*, 199 F.3d at 368. The Court may also consider a plaintiff's affidavit or brief demonstrating how she could make out a claim consistent with the facts alleged in her complaint, even though the substance of the affidavit or brief is not included in the complaint. *Forseth*, 199 F.3d at 368; *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997).

In his motion for judgment on the pleadings (Doc. 88), the Taxpayer raises the same frivolous tax protester arguments discussed in the previous section. For the same reasons set forth above, the Court rejects those arguments and finds that the plaintiff can prove, and indeed has proved, that it is entitled to relief in this case. The Court will therefore deny the Taxpayer's motion for judgment on the pleadings (Doc. 88).

B.   Motion to Dismiss (Doc. 97) and Motion for an Order to Show Cause (Doc. 98)

In this motion, the Taxpayer asks the Court to dismiss this case on the grounds that the events at issue in this case constitute a conspiracy by the United States to extort funds from him. Wesselman rests much of his argument on the fact that he was not assigned an employer identification number ("EIN") until 1995, after the periods for which the United States has assessed some taxes on his sole proprietorship business. He argues that the assessment of liability for business activities prior to the assignment of an EIN demonstrates fraud and perjury by IRS agents. The Taxpayer's argument is without merit. Belated recognition by the IRS of an employing entity's existence cannot negate its employment activities prior to that date or exempt those activities from federal taxes. This sequence of events does not render the IRS Certificates of Assessments and Payments in any way fraudulent.

The Taxpayer also relies on the same tax protester arguments raised and rejected in connection with the United States' motion for summary judgment. For the same reason, the Court rejects them in connection with this motion.

Finally, the Taxpayer claims that he has fully paid the alleged assessments and has attached as proof of this payment multiple letters regarding "Demand for Set-Off of IRS Assessment." The Court is confused by the documents and is unable to decipher exactly what they purport to accomplish. To the extent that these documents reflect actual payment of tax assessments, the Court is confident that the IRS will appropriately reduce the Taxpayer's tax liability or consider such payment as satisfaction, in whole or in part, of the judgment to be entered on count 1.

For these reasons, the Court will deny the Taxpayer's motion to dismiss (Doc. 97) and

motion for an order to show cause (Doc. 98).

### VI. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** the motion for partial summary judgment (Doc. 92);

- **DIRECTS** the Clerk of Court to enter judgment on count 1 at the close of the case in the amount of $1,627,710.66 plus interest since April 15, 2007, in favor of the plaintiff United States and against defendant Herman A. Wesselman. Should the United States want a Rule 54(b) judgment on count 1 prior to entry of final judgment on all counts, it may make that request. If it makes such a request, it should at that time set forth the specific amount sought including interest to that date;

- **DENIES** the Taxpayer's motion for judgment on the pleadings (Doc. 88);

- **DENIES** the Taxpayer's motion to dismiss (Doc. 97); and

- **DENIES** the Taxpayer's motion for an order to show cause (Doc. 98).

**IT IS SO ORDERED.**
**DATED: November 28, 2007**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**