UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-4152 |
| | ) | |
| HERMAN A. WESSELMAN, et al., | ) | |
| | ) | Hon. J. Phil Gilbert |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the United States' Request for Entry of Rule 54(b) Judgment (Doc. 133) on Count I, a count to reduce federal tax assessments to a monetary judgment. Defendant Herman A. Wesselman ("Taxpayer") has responded to the motion (Doc. 134).

In an order dated November 28, 2007 (Doc. 114), the Court recognized the United States' right to an award of monetary relief from the Taxpayer, including interest, on Count I, invited the United States to move for judgment on Count I under Federal Rule of Civil Procedure 54(b), and instructed the United States to provide a sum certain that included interest at the time of its request. The United States has provided evidence that the sum certain including interest as of June 25, 2008, was $1,769,148.31.

The Court further finds that there is no just reason for delay of entry of judgment on Count I. Count I involves reducing federal tax assessments to a monetary judgment; the remaining counts involve foreclosure of federal tax liens on property owned by the Taxpayer or allegedly fraudulently transferred by the Taxpayer. The Court's ruling on Count I is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Furthermore, the interests of judicial administration and the equities do not weigh

against entry of judgment immediately on Count I.  *See Curtiss-Wright*, 446 U.S. at 8; *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1065-66 (7th Cir. 1987).  Count I is separable from the remaining claims in this case, and separate appeals of the disposition of the monetary judgment on Count I and the remaining foreclosure claims would not require an appellate court to decide the same issues more than once.  *See Curtiss-Wright*, 446 U.S. at 8; *see ODC Comm. Corp. v. Wenruth Investments*, 826 F.2d 509, 512 (7th Cir. 1987).

Accordingly, the Court **GRANTS** the request for a Rule 54(b) judgment on Count I (Doc. 133), **FINDS** that there is no just reason for delay of entry of judgment on Count I and **DIRECTS** the Clerk of Court to enter judgment on Count I immediately pursuant to Rule 54(b) against defendant Herman A. Wesselman in the amount of $1,769,148.31, plus penalties and interest that continue to accrue after June 25, 2008, for unpaid and previously assessed federal income taxes, federal employment taxes, and federal unemployment taxes from the 1991, 1992, 1993, 1994, 1995, 1996, 1997, and 2000 tax periods.

**IT IS SO ORDERED.**
**Dated: August 5, 2008**

s/ J. Phil Gilbert
**Hon. J. Phil Gilbert,**
**United States District Judge**
