UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HERMAN A. WESSELMAN, MILLIE WESSELMAN, KENNETH CAYO, Agent of the Trustees of the Bounteous Harvest Trust and the Salvation Rock Trust; DAVID WESSELMAN, Agent of the Trustees of the Bounteous Harvest Trust and the Salvation Rock Trust; WILLIAM BRIAN PATRICK DOWLING, Trustee of the J.A.W. Homestead Trust; FREDERICK V. WEDEMEIER, Agent of Trustees of the Stewart of the Lord Trust; VIRGIL STRAUCH, Agent Trustees of the Stewart of the Lord Trust; ILLINOIS DEPARTMENT OF REVENUE; JOHN DOE 1 in his capacity as trustee of Bounteous Harvest Trust; JOHN DOE 2 in his capacity as trustee of Salvation Rock Trust; JOHN DOE 3 in his capacity as trustee of J.A.W. Homestead Trust; JOHN DOE 4 in his capacity as trustee of Stewart of the Lord Trust; BOUNTEOUS HARVEST TRUST; SALVATION ROCK TRUST; J.A.W. HOMESTEAD TRUST; and STEWART OF THE LORD TRUST,<br><br>    Defendants. | Case No: 4:05-cv-4152-JPG-DGW |

## JUDGMENT OF FORECLOSURE

The motion of the plaintiff United States of America's motion for entry of judgment (Doc. 167) is **GRANTED**. The plaintiff, the United States of America, and defendant Millie Wesselman having entered into a Stipulation dated October 28, 2009 (Doc. 148), defendants Illinois Department of Revenue, John Doe 1, trustee of the Bounteous Harvest Trust, and John Doe 2, trustee of the Salvation Rock Trust, having been defaulted (Docs. 65 & 117), the Court having granted the United

States' second motion for summary judgment by Memorandum and Order dated April 22, 2010 (Doc. 156), and the United States having requested the entry of judgment;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

A. That Herman A. Wesselman and Millie Wesselman each own an undivided one-half interest as a joint tenant in the real estate located at 906 South Cherry Street, Effingham, Illinois, more specifically described as:

> Lot 1 of Wesselman's Subdivision situated in the County of Effingham, in the State of Illinois.

*--Formerly Known As--*

> Lots Six (6) and Seven (7) in block Ten (10) in Robe's Addition "B" to Western Addition to the City of Effingham, situated in the County of Effingham, in the State of Illinois.

B. That Herman A. Wesselman is the sole owner in fee simple of real estate located at 505 Clinton Street, Effingham, Illinois, more specifically described as:

> Lot Two (2) and Part of Lot One (1) of N.T. Catterlin's Subdivision of Block 25, Addition "A" to Western Addition to Effingham, more particularly described as follows: Beginning at a point 75 feet West of the Northeast corner of said Block 25, on the North line of said Block, thence West 57 feet, thence South to the North line of the Pennsylvania Railroad Company's Right-of-Way to a point 75 feet West of the Southeast corner of said Block 25, thence North to the point of beginning.

C. The federal tax liens associated with the unpaid federal income tax assessments against Herman A. Wesselman for the years 1991, 1992, 1993, 1994, 1995, 1996, 1997, and 2000; and with the unpaid federal employment tax assessments against Herman A. Wesselman for the quarters ending 03/31/91, 06/30/91, 09/30/91, 12/31/91, 03/31/92, 06/30/92, 09/30/92, 12/31/92, 03/31/93, 06/30/93, 09/30/93, and 12/31/93, and with the unpaid federal unemployment tax

assessments against Herman A. Wesselman for the years 1991, 1992, and 1993, have attached to all property and rights to property of Herman A. Wesselman, including the real property at 906 South Cherry Street and 505 Clinton Street, Effingham, Illinois, specifically described above.

      D.      The federal tax liens that have attached to the real properties as described above are foreclosed, and those properties shall be sold by the United States Marshal for the Southern District of Illinois as further directed by the Court, free and clear of any right, title, claim or interest of any of the parties to this action.

      E.      The proceeds at the sale of the real property at 906 South Cherry Street shall be distributed first to the ordinary and necessary costs of sale, including compensation of a receiver if one is appointed, title insurance costs, and unpaid real estate taxes.  The remaining proceeds of the sale of the real property at 906 South Cherry Street shall be distributed one-half to Millie Wesselman, and one-half to the United States for application to the unpaid federal tax liabilities of Herman A. Wesselman.

      F.      The proceeds of the sale of the real property located at 505 Clinton Street shall be distributed first to the ordinary and necessary costs of sale, including compensation of a receiver if one is appointed, title insurance costs, and unpaid real estate taxes.  All of the remaining proceeds of the sale of the real property at 505 Clinton Street shall be distributed to the United States for application to the unpaid federal tax liabilities of Herman A. Wesselman.

      G.      Until each of the above-described parcels of real property is sold, Herman A. Wesselman shall take all reasonable steps necessary to preserve the value of each parcel (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property.  He

shall neither commit waste against the property nor cause or permit anyone else to do so.  He shall neither do anything that tends to reduce the value or marketability of the property nor cause or permit anyone else to do so.  He shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential buyers, nor shall he cause or permit anyone else to do so.

   H. All other claims in this case are dismissed without prejudice.

   I. This judgment, in conjunction with this Court's Rule 54(b) Judgment in this case of August 5, 2008 (Doc. 136), resolves all of the claims of all of the parties to this action, and so is a final judgment for purposes of appeal.

**IT IS SO ORDERED.**

**Date:  June 28, 2010**

                s/ J. Phil Gilbert
                **J. Phil Gilbert, District Court Judge**